## MONARCH BREWING CO. v. GEORGE J. MEYER MFG. CO.

### No. 452304–Y.

District Court, S. D. California, Central Division.

Oct. 8, 1941.

Alfred F. MacDonald and Bodkin, Breslin & Luddy, all of Los Angeles, Cal., for plaintiff.

Lawler, Felix & Hall, of Los Angeles, Cal., for defendant.

YANKWICH, District Judge (after stating facts as above).

The motion of the defendant for summary judgment in its favor as to each and every claim asserted against it in the plaintiff's amended complaint, filed August 9, 1941, and heretofore argued and submitted, is now granted upon the ground that, by the terms of the contract for the sale of machinery, dated February 14, 1938, the plaintiff has waived the damages it now seeks to recover.

I am of the view that the phrase "damages or consequential damages" in the waiver clause of the contract was used to cover all damages, general or special, that might result in the "shipment, erection or the operation" of the machinery. See, Luitweiler Pumping Engine Co. v. Ukiah

Water & Improvement Co., 1911, 16 Cal. App. 198, 209, 116 P. 707, 712; 25 C.J.S., Damages, § 2, p. 455. To limit the waiver to the words "consequential damages", and, then, to interpret the damages they cover, as some condemnation cases do (see cases below), as "those which are attributable to the interposition of some independent cause other than the acts of the defendant" (to quote the language of counsel for the plaintiff in their last letter-memorandum), would render the waiver clause meaningless.

For, if consequential damages be those caused by *other* parties, no liability can attach to the defendant on account of them. And, clearly, to interpret the contract of the parties as waiving damages for which the defendant would not, under any circumstances, be liable—they being caused by the acts of others—would do violence to the rule which bids us to interpret contracts so as to give them meaning rather than to make them meaningless. When parties contract, they do not protect themselves against anticipated liabilities which are not theirs. On the contrary, they seek immunity from possible damage which may flow from their own acts. So did the parties here.

And neither the rule of ejusdem generis nor the special meaning given to the words "consequential damages" in some federal condemnation cases—such as United States v. Chicago, B. & Q. Ry. Co., 7 Cir., 1937, 90 F.2d 161, 166–169; United States v. Chicago, B. & Q. Ry. Co., 8 Cir., 1936, 82 F.2d 131, 136, 137, 106 A.L.R. 942—call for an interpretation which would destroy entirely the meaning of the word "damages", as used in the waiver.

Hence the ruling above noted.